**FILED**
**CLERK**

7/8/2026 4:27 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SHANNON TERRANOVA
FOR V.T., MINOR,

                Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

24-CV-7794 (GRB)

**GARY R. BROWN, United States District Judge**:

In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405, *et seq.* (the "Act"), plaintiff, Shannon Terranova ("plaintiff") acting *pro se* on behalf of her minor child V.T., purports to challenge final determinations made by the Commissioner of the Social Security Administration regarding V.T.'s eligibility to receive Social Security insurance benefits relating to the death of her biological father. *See* Docket Entry ("DE") 1. Presently before the Court is a motion by defendant, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings. *See* DE 16.

In the proceedings before the agency, plaintiff was represented by counsel until at or near the time of a hearing before an Administrative Law Judge. DE 15 at 54. Her attorney asked to postpone the hearing based upon a medical procedure, but plaintiff opted to proceed without him. *Id.* at 54-56. Before allowing plaintiff to proceed, the ALJ advised plaintiff that she could obtain counsel without cost, as the statute has an attorney fees provision, but she opted to proceed without counsel. *Id.* On April 19, 2023, the ALJ rendered a decision, finding that V.T., who was born well after her biological father's death as the result of an *in vitro* fertilization and embryonic cryopreservation process, was not entitled to Survivor's Benefits. *Id.* at 41-48. After that

1

decision, on or about May 28, 2024, it appears that her attorney may have filed a request for review with the agency. *Id.* at 36. Ultimately, though, the request for review was denied by the Appeals Council. *Id.* at 4.

Plaintiff filed a form complaint, paid the filing fee and proceeded without seeking leave to proceed *in forma pauperis*. DE 1, 2. The Government filed its motion for judgment on the pleadings, which plaintiff opposed *pro se*. DE 16-18. This opinion follows.

***Discussion***

The threshold question is whether plaintiff, mother of the minor child V.T., may represent her child *pro se*, or whether an attorney must be retained to fully protect V.T.'s rights. While the Government did not raise this issue, the question must be addressed before the Court may consider the nuanced and difficult questions presented in this appeal.

In *Machadio v. Apfel*, the Second Circuit observed that:

> Litigants in federal court have a statutory right to choose to act as their own counsel. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel...."). However, an individual who is not licensed as an attorney "may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998); *see also Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir.1991). We have specifically held that a "non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990). In reaching this conclusion, we reasoned that non-attorney parents are not trained to represent competently the interests of their children in "claims that require adjudication," and that minors "are entitled to trained legal assistance so their rights may be fully protected." *Id.*

276 F.3d 103, 106 (2d Cir. 2002)

Having set forth that general rule, though, the Circuit observed that a case, such as this one, involving the denial of SSI benefits to a child, presents additional considerations:

2

> While this is not a case where only the plaintiff's interest is at stake, neither is it one affecting the interests of multiple parties with different interests.  Under the Commissioner's regulations, the interests of the plaintiff and [the child] are closely intertwined.  Generally, when an individual entitled to SSI benefits is under the age of 18, the Commissioner pays benefits to a "representative payee." 20 C.F.R. § 416.610(b).  The Commissioner's preferred choice of the "representative payee" is the "natural or adoptive parent who has custody of the beneficiary...." *Id*. at § 416.621(b)(1).   Among other responsibilities, the "representative payee" must "[u]se the payments he or she receives only for the use and benefit of the beneficiary in a manner and for the purposes he or she determines, under the guidelines in this subpart, to be in the best interests of the beneficiary...." *Id*. at § 416.635(a).  As a natural parent with custody of [the child], the plaintiff would likely be [the child's] "representative payee" and receive any SSI benefits to which [the child] is entitled.

*Id.*  Given these special circumstances, *Machadio* holds that:

> Where a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence, we hold that in such cases a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney. We therefore reject the view that when the SSI claim is insubstantial and counsel is not appointed, the SSI appeal must be dismissed or the non-attorney parent must hire legal counsel.

*Id.* at 107.  At the same time, the Court noted that:

> There will be cases where, for example, the issues are sufficiently significant or complex so that a non-attorney parent will not be able to proceed without compromising the rights of his or her child.

*Id.*

Unlike the issues presented in *Machadio*, the questions presented by this matter are legally complex.  The dispute, while not entirely unprecedented, presents issues of federal and developing state law that make the outcome far from certain.  V.T. was conceived via an *in vitro* fertilization process and embryo cryopreservation that preceded her father's death, followed by uterine implantation after his passing.  The ALJ's decision as to V.T.'s entitlement to Survivor's

Benefits under federal statutory provisions turns on the application of an amended and rarely applied New York intestacy law, as incorporated into these proceedings via a federal regulation. These are not simple matters.

Plaintiff, a non-lawyer, has endeavored admirably to present the case. But that representation has been far from flawless. Before the agency, where *pro se* representation is permitted, plaintiff filed a request for reconsideration that was untimely – a failing that was excused by the Appeals Council but could have resulted in the procedural dismissal of the claim. DE 15 at 4. In that request for reconsideration, plaintiff described the relevant question as "whether a child born of invitro fertilization after the father's death, but of sperm given before his death and frozen, is entitled to Social Security Benefits." DE 15 at 76. That summary appears to misstate the facts in a material way, such that it could have affected the outcome of the matter. *Compare* DE 15 at 77 (suggesting *in vitro* fertilization occurred *before* the father's death). Indeed, Government counsel – while failing to raise any issue about plaintiff's representation of V.T. – takes pains to criticize her representational competence:

> Plaintiff generally argues that, under the definition of "conception" provided by non-legal sources and statutes from Louisiana and Alabama, the Claimant was "conceived" during the fertilization portion of the IVF process and thus prior to the decedent's passing, meaning Claimant is defined as decedent's "child" under the EPTL. Plaintiff's Response (Pl. Resp.) at 2, 4. However, it is New York law's definition of "conception" – not those from Alabama, Louisiana, or other sources – that is controlling here. 42 U.S.C. § 416(h)(2)(A).

DE 18 at 3. Assuming the Government's reply to be substantively correct – and it may well be on this point – the argument heightens the question of whether V.T.'s rights are being adequately protected. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906

F.2d 59, 61 (2d Cir. 1990) ("Where [minors] have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.").

In short, this is a substantial case, involving V.T.'s potential entitlement to significant sums, and must be litigated in a manner that will sufficiently safeguard V.T.'s rights. As such, plaintiff cannot proceed *pro se* and must obtain counsel for V.T.

### *Conclusion*

Plaintiff is directed to retain counsel for V.T., who must file a notice of appearance within 60 days of the date of this Order. Defendant's motion for judgment on the pleadings is deemed withdrawn without prejudice to refiling after the appearance of counsel for V.T.

**SO ORDERED.**

Dated: Central Islip, New York
      July 8, 2026

*/s/ Gary R. Brown*
GARY R. BROWN
United States District Judge